## THE MARGARET A. MORAN.
### No. 15373.

District Court, E. D. New York.
April 13, 1939.

Barber, Matters, Gay & Vander Clute, of New York City (Carl F. Vander Clute, of New York City, of counsel), for libellant.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for respondent.

ABRUZZO, District Judge.

This cause of action arises out of a collision which occurred on the 3rd day of May, 1937, at Three Rivers Point on the New York State Barge Canal. Three Rivers Point is the junction of the Oneida River and the Seneca River forming the Oswego River. The barge "Seaboard No. 44" was being "pushed" by the steamtug "Margaret A. Moran", the respondent. The libellant's tug "Syosset" was pushing two barges ahead and towing a third barge, the "Argo".

At about 11:00 A. M. of May 3, 1937, the respective tows were approaching the bend known as "Three Rivers Point". It is admitted by all parties that the water in the river was higher than normal, thus creating an abnormal current. While navigating in this vicinity, the collision occurred, the port after corner of the "Argo" striking the port bow of the "Seaboard No. 44". It is undisputed that a dredge was operating near the mouth of the Oneida River at that time. The collision took place somewhere near the dredge.

The only disinterested witness called was Franken, an inspector employed by the State of New York, who was aboard the dredge.

He kept a daily log and his estimates of distance were made at the time of the accident. He made an entry in his log which was produced in Court. He testified that he saw both the libellant and the respondent approaching. The log shows that the "Syosset" received a check signal and the "Margaret A. Moran" was signalled to come ahead. At that time, the "Margaret A. Moran" was approximately 500 feet from the dredge and the "Syosset" was about 1000 feet away.

Under these circumstances, it was the duty of the libellant to stop. Instead, she came ahead. The primary cause of the collision was the failure of the libellant to heed the check signal.

The Court so finds and directs that a decree be entered for the respondent.